**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUIS A. DE JESUS RODRIGUEZ,**

        **Plaintiff,**

**v.**                                      **Case No:  6:17-cv-276-Orl-37GJK**

**STATE OF FLORIDA, et al.,**

        **Defendants.**

_____/

## <u>ORDER</u>

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1).  Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed the Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks to proceed *in forma pauperis* in this action.  For the reasons stated herein, the Complaint will be dismissed without prejudice.

### I.    FACTUAL BACKGROUND

Plaintiff's allegations involve his underlying state court criminal proceedings. Plaintiff asserts that the state attorneys involved in prosecuting his case, along with the public defenders who represented him, violated his constitutional rights during those proceedings.  (Doc. 1 at 8-9).  Plaintiff also alleges that the detectives who investigated his case were involved in an "illegal search" and "falsified" documents pertaining to his case.  (*Id.* at 9).  According to Plaintiff, he is "actually innocent" of the crimes of which he was convicted, and he has been "falsely imprisoned."  (*Id.* at 8-9).

## II.   LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable.   On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1]   Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion.   *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."   *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact."   *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### III.   ANALYSIS

Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a state prisoner may not bring a claim for damages under § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction."  Thus, unless the plaintiff-prisoner can demonstrate that the conviction or sentence has already been invalidated, the complaint must be dismissed.  *Id.*

To prevail on his claims in the instant case, Plaintiff must necessarily establish that he did not commit the offense of which he was convicted.  Hence, a judgment in Plaintiff's favor in this case would necessarily imply the invalidity of his underlying conviction.  Because Plaintiff has not demonstrated that his conviction has already been invalidated, this case is barred under *Heck*.  *See id.* at 487.  As a result, this case will be dismissed without prejudice for failure to state a claim.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      This case is **DISMISSED**.

2.      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 1) is **DENIED.**

3.      The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 16th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party
OrIP-2 2/17